IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINIC JOSEPH ABBOTT, ) | |
| ) | Civil Action No. 10 - 1285 |
| Plaintiff, ) | |
| ) | |
| v. ) | District Judge Donetta W. Ambrose |
| ) | Magistrate Judge Lisa Lenihan |
| COMMONWEALTH OF PENNSYLVANIA ) | |
| DEPARTMENT OF CORRECTIONS; ) | |
| ATTORNEY FOR COMMONWEALTH; ) | |
| ATTORNEY ROBERT E. STEWART; ) | |
| CLERK CAROL A. MOSS; ALLEGHENY ) | |
| COUNTY LAWYER AND PUBLIC ) | |
| DEFENDERS OFFICE, ) | |
| ) | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. **RECOMMENDATION**

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

II. **REPORT**

Plaintiff, Dominic Joseph Abbott, an inmate presently confined at the State Correctional Institution at Graterford, located in Marienville, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. In his Complaint (doc. no. 3) Plaintiff complains that he was denied sentencing credit for time served between August 21, 2001 through September 21, 2001. Because this occurred over two years before the Complaint was filed, it does not provide any basis for this Court to grant relief.

A. <u>Standard of Review</u>

This Court must review Plaintiffs' Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is a "prisoner" as that term is defined under the PLRA[1] and he has been granted leave to proceed *in forma pauperis*. Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e). In reviewing complaints under 28 U.S.C. § 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does

---

[1]. Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(h); 1915A(c).

[2]. *See, e.g.*, <u>Bradley v. Puckett</u>, 157 F.3d 1022, 1025 (5th Cir. 1998); <u>Anyanwutaku v. Moore</u>, 151 F.3d 1053 (D.C. Cir. 1998); <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1484 (11th Cir. 1997); <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 604 (6th Cir. 1997); <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1128 (8th Cir. 1996); <u>Powell v. Hoover</u>, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); <u>Tucker v. Angelone</u>, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).[3]

## B. Limitations Period

Plaintiff seeks recovery against Defendants under 42 U.S.C. § 1983. The limitations period for civil actions brought under 42 U.S.C. § 1983 is determined by state law. Under Pennsylvania law, the applicable limitations period for civil rights actions asserted under 42 U.S.C. § 1983 is two years. See 42 Pa. Cons. Stat. § 5524.

The date when a civil rights action accrues (begins to run) is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 280 n.6 (1994) (J. Ginsburg, concurring). A claim accrues when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the Defendant. *See* Delaware State College v. Ricks, 449 U.S. 250, 258 (1980) (it is the wrongful act that triggers the start of the limitations period); Keystone Ins. Co. v. Houghton, 863 F.2d 1125, 1127 (3d Cir. 1988) (a federal cause of action accrues when the plaintiff is aware, or should be aware, of the existence of and source of injury, not when the potential claimant knows or should know that the injury constitutes a legal wrong).

---

[3]. This Court recognizes that the United States Court of Appeals for the Third Circuit has held that, in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile. *See* Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Because it would be futile to allow Plaintiffs to amend, this Court is recommending that the action be dismissed.

Plaintiff's Complaint is signed and dated September 30, 2010. Due to the two-year limitations period, Plaintiff cannot impose liability against Defendants under 42 U.S.C. § 1983 for events that occurred prior to September 30, 2008. Plaintiff complains that he did not receive sentencing credit for time served between August 16, 2001 through September 21, 2001. This time period occurred over nine years ago. Consequently, Plaintiff can not state a claim upon which relief may be granted under 42 U.S.C. § 1983 with respect to the events he complains of in his Complaint.

C. <u>Plaintiff's Claims and Liability under 42 U.S.C. § 1983</u>

In the Complaint, Plaintiff complains that he was denied sentencing credit. To the extent that Plaintiff is seeking an earlier release from custody, such claim is not cognizable as a civil rights claim as dictated by the teachings of the United States Supreme Court as stated in <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 488-490 (1973), and subsequent cases interpreting that opinion. In <u>Preiser</u>, the plaintiffs were state prisoners who were deprived of good-time credits as a result of disciplinary proceedings; they sought injunctive relief restoring their good-time credits, which would have resulted in their immediate release from confinement. In making its ruling in <u>Preiser</u>, the Court was called upon to determine the proper relationship between the Civil Rights Act and the federal habeas corpus statute, 28 U.S.C. § 2254. Despite the admitted "literal applicability" of § 1983 to the action before it, the Court concluded that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*., 411 U.S. at 500.

Thus, to the extent that Plaintiff's claim is not barred under the applicable two-year limitations period, and to the extent Plaintiff is seeking an earlier release from prison because of

4

Defendants' alleged actions, he is precluded from seeking such relief through a civil rights complaint because, under Preiser, a federal habeas corpus petition is his only available avenue.

### III. CONCLUSION

It is respectfully recommended that this action be dismissed under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted under 42 U.S.C. §1983.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

November 22, 2010                      /s/ Lisa Pupo Lenihan
                                                         Lisa Pupo Lenihan
                                                         U.S. Magistrate Judge

cc:      Dominic Joseph Abbott
           GB - 5800
           S.C.I. Graterford
           Box 244
           Graterford, PA 19426 - 0244